FRANK A. LIEN, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Negligence**: RAILROAD CROSSING: CONTRIBUTORY NEGLIGENCE: LOOK AND LISTEN. One who is struck by a moving train which was plainly visible from the point he occupied when it became his duty to look and listen, must be conclusively presumed to have disregarded the rule of law and of common prudence and to have gone negligently into the obvious danger.

2. ———: PLEADING: CONTRIBUTORY NEGLIGENCE: VERDICT. The general plea of contributory negligence is good after verdict; and this, though the train was negligently operated.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

HALL & HALL, H. H. FIELD and KARNES, HAGERMAN & KRAUTHOFF for appellant.

(1)Even if there may have been obstructions to the view, yet if after passing the obstructions, and before getting to the track, a view could have been had, plaintiff was guilty of contributory negligence in going upon the track. Jones v. Barnard, 63 Mo. App. 506-512; Hayden v. Railroad, 124 Mo. 566; Kelsay v. Railroad, 129 Mo. 362, 376; Lane v. Railroad, 132 Mo. 24-28; Huggart v. Railroad, 134 Mo. 679, 680. (2) The testimony of plaintiff, if construed to be that he looked and saw no train, will not raise a question when the undisputed facts show that if he had looked he could have seen the train. Kelsay v. Railroad, 129 Mo. 372-376; Payne v. Railroad, 136 Mo. 575-585; Railroad v. Pound, 82 Fed. Rep. 217; Railroad v. Smith, 86 Fed. Rep. 296.

HARBER & KNIGHT for respondent.

(1)    The question of the contributory negligence of the plaintiff was a question of fact for the jury.    "For, if the evidence tending to prove contributory negligence is contro-verted or if it is susceptible, though uncontroverted, of contrary legitimate inferences, the jury are entitled to pass on the conflicting evidence, or the conflicting inferences."    Linn v. Bridge Co., 2 Mo. App. Reporter (No. 4) 215; Lamb v. Railway, 48 S. W. Rep. 659; Baker v. Railway, 48 S. W. Rep. 838; Gratiot v. Railway, 116 Mo. 450; Tabler v. Railway,   93 Mo. 79; Norton v. Ittner, 56 Mo. 351; Huhn v. Railway, 92 Mo. 440; Mauerman v. Siemerts, 71 Mo. 101; Nagel v. Railway, 75 Mo. 653; Keim v. Railway, 90 Mo. 314.    (2)    Although other witnesses may have differed from plaintiff as to the position and location of the cars on the switch track, yet the weight of his evidence was for the jury.    Lamb v. Railway, *supra;* Kenney v. Railway, 105 Mo. 270; Huhn v. Railway, 92 Mo. 440; Mauerman v. Siemerts, 71 Mo. 101.    (3)    The plea of contributory negligence is an affirmative defense which the party alleging is required to prove, and in this case the burden of proving it was on the defendant.    Crumpley v. Railway, 111 Mo. 152; O'Connor v. Railroad, 94 Mo. 150, and cases cited; Parsons v. Railroad, 94 Mo. 286; Buesching v. Gaslight Co., 73 Mo. 219; Johnson v. Railroad, 77 Mo. 546; Thompson v. Railroad, 51 Mo. 190; Petty v. Railroad, 88 Mo. 306; Donohue v. Railroad, 91 Mo. 357; Huckshold v. Railroad, 90 Mo. 548.    (4)    This being true, when defendant introduced its evidence to sustain its burden of proof, the plaintiff, even though he had offered nothing to contradict it, was entitled to have the jury determine its credibility.    Schroeder v. Railroad, 108 Mo. 322-326; Gregory v. Chambers, 78 Mo. 298; Randle v. Railroad, 65 Mo. 334; Bryan v. Wear, 4 Mo. 106; McAfee v. Ryan, 11 Mo. 365; Steamboat v. Matthews, 28 Mo. 248; Bradford v.

Rudolph, 45 Mo. 426. (5) Contributory negligence was not sufficiently pleaded in defendant's answer to let in proof by it on that question, as no specific acts of negligence on plaintiff's part are therein alleged, but only contains the general allegation of negligence. On plaintiff's objection thereto such evidence should have been ruled out and this court can not therefore consider the same. Conrad v. De Montcourt, 138 Mo. 311; Haynes v. Trenton, 123 Mo. 326; Hayden v. Railroad, 124 Mo. 566, 573.

GILL, J.—On January 31, 1898, one of defendant's passing trains collided with plaintiff's wagon and team at a public road crossing in the town of Laredo, Grundy county. For personal injuries there received by plaintiff, who was driving the wagon, he brought this action, securing a verdict and judgment in the circuit court for $1,841, and defendant has appealed.

The petition charges negligence in that defendant's trainmen failed to give the statutory signals as the crossing was approached; that the train was being run at a rapid rate of speed, and that plaintiff was run over without any fault on his part. The answer contained a general denial, and in addition alleges, "that if plaintiff received any injury, as stated in his petition, it was the result of his own negligence, and for such injury this defendant is not liable."

STATEMENT.

Although this case has been ably and energetically contested in lengthy briefs by attorneys for both sides, there is however but one point that need be mentioned, as that is decisive of the controversy. The plaintiff was unquestionably chargeable with contributory negligence at the time he was injured, and a demurrer to the evidence therefore ought to have been sustained.

Accompanying the record is a large plat, drawn to a scale, as also some photographs all proved, if not conceded,

to correctly show the place of accident and the surroundings. From these, and the oral testimony given at the trial, the following uncontroverted facts appear: At Laredo, a village of four hundred or five hundred inhabitants, the Milwaukee railroad runs north and south—the town, depot and stock yards all being on the west side of ·the road. At about eleven o'clock of the day in question plaintiff, after delivering some hogs at the stock pens, started to his home which was about three miles east. In so doing, it was necessary to go north from the stock yards until he came to the public road leading eastward across the railroad tracks. He entered upon this east and west public road some sixty or seventy-five feet west of the crossing. He was driving a gentle team, easily managed, and was sitting on top of the wagon box on some boards used to cover the hogs, with his feet hanging over and his back to the south. It was a cold, blustery day, wind from the northwest, and the plaintiff had his head closely covered with a cap, muffler and coat collar thrown up. When he got into the public road plaintiff's route was thence eastward across the railroad. He drove forward, his back to the south as already stated, and up a slight incline till he reached the crossing and there was struck by the passing train. As to whether or not the trainmen rang the bell or blew the whistle in approaching the crossing, as commanded by the statute, the evidence is conflicting. The jury however must have found that these signals were not given, and we shall assume therefore that the verdict in that respect was right and that defendant's employees were negligent in operating the train.

Without attempting in detail to describe the location of certain empty cars standing on a sidetrack west of the main track, the water tank, etc., it clearly appears

NEGLIGENCE: railroad crossing: contributory negligence: look and listen.

that none of these obstructed the plaintiff's view of the main track south (over which the train came) when he, the plaintiff, came within thirty to thirty-five feet of the crossing. In other words,

though there were obstructions to break the plaintiff's view while driving his wagon from the stock pens to a point near the crossing, yet from the physical facts undisputed and the evidence practically uncontradicted, it appears that when he arrived at a point thirty to thirty-five feet from the crossing he was able, if he had used his eyes, to look down the main track south, from which direction the train was coming, and have seen the moving train at a distance of about six hundred feet. And when getting to a point twenty-five feet from the railroad tracks he had an uninterrupted view more than a quarter of a mile in the same direction. In either event there would have been and was ample time and opportunity to avoid a collision and escape injury. This being the case, it is clear under the repeated decisions of this and the supreme court, that plaintiff can not recover, even conceding that defendant's train was negligently operated. Jones v. Barnard, 63 Mo. App. 501, and cases cited. In that case we had under consideration facts similar to those here, and what is there said applies with equal force to the matter now in hand. It is useless to encumber opinions or reports with further repetition of the rules of law governing such cases.

It is true that plaintiff testified that he did look from time to time in the direction of the coming train. But whether this was before or after he had passed the obstructions is not made clear. However this was, such evidence goes for naught as against the uncontroverted physical facts that there was an open unobstructed view of six hundred feet of the track when he arrived within thirty to thirty-five feet of the crossing and of a quarter of mile thereof exposed to view when he got within twenty-five feet of the point of danger. As said in the Kelsay case (129 Mo. loc. cit. 374), one of two things is true: "Either the plaintiff did not look with that care and common prudence required of him, or he did not look at all, until too late to avoid the collision." In this case it was the imperative duty of the plaintiff when he passed the obstructions to

look and listen; he had no right to venture blindly upon the track without first using his senses of hearing and sight. There is no pretense here that the plaintiff was deficient in either faculty. The rule then applies, that one who is struck by a moving train which was plainly visible from the point he occupied when it became his duty to look and listen, must be conclusively presumed to have disregarded that rule of law and of common prudence, and to have gone negligently into an obvious danger. The Kelsay case, *supra*, and Lane v. Railway, 132 Mo. 4-27.

The pleading of contributory negligence in the answer, though general, is good enough after verdict. If plaintiff desired a more specific statement of facts in that respect, he should have moved the trial court to order the pleading to be made more definite and certain.

——: pleading: contributory negligence: verdict.

The judgment in plaintiff's favor should be reversed. The other judges concurring, it is so ordered.